**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1160

TAI XING OUYANG,

　　　　　　　　　Petitioner,

　　　　v.

ERIC H. HOLDER, JR., Attorney General,

　　　　　　　　　Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 27, 2010　　　　Decided: March 24, 2010

Before WILKINSON, KING, and DAVIS, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Gary J. Yerman, New York, New York, for Petitioner. Tony West, Assistant Attorney General, William C. Peachey, Assistant Director, Mona Maria Yousif, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tai Xing Ouyang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Ouyang first argues that the Board and the immigration judge erred in concluding that his asylum application was untimely filed. We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006), and find that Ouyang has failed to raise a constitutional claim or colorable question of law that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006). See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009), cert. denied, __ S. Ct. __, 78 U.S.L.W. 3091 (U.S. Jan. 11, 2010) (No. 09-194). Given this jurisdictional bar, we cannot review the underlying merits of Ouyang's asylum claims. Accordingly, we dismiss this portion of his petition for review.

Ouyang also contends that the Board and the immigration judge erred in denying his request for withholding of removal. "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not

2

that h[is] life or freedom would be threatened in the country of removal because of h[is] race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359; see 8 U.S.C. § 1231(b)(3) (2006). Based on our review of the record, we find that substantial evidence supports the denial of Ouyang's request for withholding of removal. See Matter of J-S-, 24 I. & N. Dec. 520, 523-24 (A.G. 2008) (holding that "spouses are not entitled to the same per se refugee status that [8 U.S.C. § 1101(a)(42)(B)] expressly accords persons who have physically undergone forced abortion or sterilization procedures") (overruling Matter of C-Y-Z-, 21 I. & N. Dec. 915 (BIA 1997) (en banc)); but see Lin-Jian v. Gonzales, 489 F.3d 182, 188 (4th Cir. 2007) (stating that a spouse "may establish eligibility for asylum or withholding of removal by demonstrating that his wife was forced to undergo an abortion . . .") (citing C-Y-Z-).[*]

We also find that substantial evidence supports the finding that Ouyang failed to meet the standard for relief under

---

[*] We note that we have yet to examine the effect on our precedent of BIA's overruling of Matter of C-Y-Z- in Matter of J-S-. See Lin Zheng v. Attorney General, 557 F.3d 147 (3rd Cir. 2009) (en banc). We conclude that this is not a proper case in which to undertake that examination. Although his wife was forcibly sterilized after giving birth to their second child, Ouyang did not leave China until nearly 16 years after the sterilization.

the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2009). We find that Ouyang failed to make the requisite showing before the immigration court.

Accordingly, we dismiss the petition for review in part and deny the petition for review in part. We grant the pending motion to submit on briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART</u>
<u>AND DENIED IN PART</u>

4